**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

JAY VAUGHAN GREGORY, Jr., AKA
Jeremiah Gregory, Jr., AKA Jeremy
Gregory, Jr.,

       Defendant - Appellant.

No. 24-137

D.C. No. 9:05-cr-00025-DWM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 20, 2024[**]

Before:     CANBY, TALLMAN, and CLIFTON, Circuit Judges.

    Jay Vaughan Gregory, Jr. appeals pro se from the district court's order

directing the Bureau of Prisons ("BOP") to turn over funds in his inmate trust

account for payment towards his restitution obligation. We have jurisdiction under

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

Gregory concedes that three economic stimulus payments he received in 2022 and 2023 constitute resources from "any source" as defined in 18 U.S.C. § 3664(n). He contends, however, that debt encumbrances placed on funds in his inmate trust account constituted restitution payments, and the district court should have held an evidentiary hearing to determine whether the remaining funds were "substantial" under § 3664(n).

The record reflects that, although the encumbered funds were not available to Gregory for his personal use, they remained in his account. Thus, the funds were properly subject to turnover under the Mandatory Victims Restitution Act. *See* 18 U.S.C. § 3664(n) (requiring an inmate who "receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration . . . to apply the value of such resources to any restitution . . . still owed"). Because the funds were plainly subject to turnover, the district court did not err by declining to hold an evidentiary hearing. Nor was an evidentiary hearing necessary on Gregory's allegations that the BOP made materially false statements in communications with the United States Attorney's Office, or that the district court improperly delegated its authority to the BOP, because neither assertion was supported by the record. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (an evidentiary hearing is not required if

the record conclusively demonstrates no basis for relief).

Gregory's motion for sanctions is denied.

**AFFIRMED.**